*E-FILED 05-27-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>    Plaintiff,<br>v.<br><br>MARVELL TECHNOLOGY GROUP and<br>MARVELL SEMICONDUCTOR, INC.,<br><br>    Defendants.<br>_____/ | No. C11-80078MISC JF (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>[Re: Docket No. 1] |

    Carnegie Mellon University (CMU) has sued defendants Marvell Technology Group and Marvell Semiconductor, Inc. (collectively, Marvell) in the United States District Court for the Western District of Pennsylvania for alleged patent infringement.

    Samsung Electronics Co. Ltd. (SEL), a Korean company, is a Marvell customer. Samsung Semiconductor, Inc. (SSI), SEL's indirect subsidiary, sells Samsung hard drives in the United States. Neither SEL nor SSI are parties to the underlying patent infringement lawsuit.

    CMU subpoenaed SSI for information pertaining to sales of Samsung drives that reportedly contain the accused Marvell chips. CMU now moves this court for an order compelling SSI's compliance with those subpoenas as to Requests for Production Nos. 1 and 4 and deposition topics 1, 5 and 11. SSI opposes the motion. The matter is deemed suitable for decision on the papers, and the May 31, 2011 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion in part and denies it in part.

1   Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena
2   commanding a nonparty to attend and testify; produce designated documents, electronically
3   stored information, or tangible things in that non-party's possession, custody or control; or
4   permit the inspection of premises. FED.R.CIV.P. 45(a)(1)(A)(iii). The scope of discovery
5   through a Fed. R. Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and
6   the other discovery rules. FED.R.CIV.P. 45 advisory committee's note (1970).

7   Parties may obtain discovery about any nonprivileged matter that is relevant to any
8   party's claim or defense. FED.R.CIV.P. 26(b)(1). "Relevance under Rule 26(b)(1) is construed
9   more broadly for discovery than for trial." Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813
10  F.2d 1207, 1211 (Fed.Cir.1987). "Relevant information need not be admissible at the trial if the
11  discovery appears reasonably calculated to lead to the discovery of admissible evidence."
12  FED.R.CIV.P. 26(b)(1). Discovery is not unfettered, however. A court must limit the extent or
13  frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or
14  duplicative or can be obtained from a source that is more convenient, less burdensome or less
15  expensive, (b) the party seeking discovery has had ample opportunity to obtain the information
16  through discovery; or (c) the burden or expense of the discovery sought outweighs its likely
17  benefit, considering the needs of the case, the amount in controversy, the parties' resources, the
18  importance of the issues at stake, and the importance of the discovery in resolving those issues.
19  FED.R.CIV.P. 26(b)(2)(C)(i)-(iii).

20  CMU wants information, going back about eight years, relating to SSI's sales of hard
21  drives containing the accused Marvell chips. That information is relevant to CMU's claimed
22  damages. The crux of this discovery dispute turns on the identification of the Samsung hard
23  drive models that actually contain the accused chips. There is a suggestion in the record before
24  this court that Marvell does not know which Samsung drives contain the accused chips. SEL
25  undoubtedly has the information that CMU seeks. However, CMU says that, under the terms of
26  Korea's accession to the Hague Convention, obtaining the requested information directly from
27  SEL for pretrial discovery is not possible. So, CMU instead moves to compel the information
28  from SSI. SSI, however, says that unless it opens every hard drive in its current inventory, it

1  has no way of knowing which Marvell chips are contained in a particular hard drive model.
2  Here, SSI points out that it neither designs nor manufactures the drives, but merely purchases
3  them from SEL and then resells them here.  Further, SSI says that its inventory is limited to
4  what is needed to fill imminent orders and reflects only what SSI has purchased from SEL in
5  the past two weeks or so.

6  There is no convincing evidence that SSI has responsive information in its possession or
7  custody.  And, other than the fact that SEL is SSI's indirect parent, there are no facts presented
8  here to suggest that SSI has legal control over SEL's information.  See United States v. Int'l
9  Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is
10 defined as the legal right to obtain documents upon demand."); In re Legato Sys., Inc. Sec.
11 Litig., 204 F.R.D. 167, 170 (N.D. Cal. 2001) ("Decisions from within [the Ninth Circuit] have
12 noted the importance of a legal right to access documents created by statute, affiliation or
13 employment.").

14 Boiled to its essence, then, the instant dispute requires this court to decide whether SSI
15 should be compelled to produce *all* of its sales records (including sales of hard drives that do
16 not contain the accused chips) and to then have either CMU or SSI separate the wheat from the
17 chaff; or whether CMU should first identify for SSI the relevant hard drives—something which
18 CMU says it can do, albeit not without doing some research.

19 Having weighed legitimate competing interests and possible prejudice, and in the
20 interests of protecting SSI as a non-party and limiting discovery to information that is relevant,
21 this court concludes that CMU should first do the legwork necessary to identify the relevant
22 hard drives containing the accused chips.  SSI shall then produce the requested documents
23 pertaining to the identified drives, as well as appropriate witness(es) to testify about that
24 information.  If SSI claims that the discovery to be produced is confidential, the parties shall
25 meet and confer to attempt to agree to the terms of a protective order to be entered by this court.
26 If the parties cannot agree on the terms of a protective order, they shall submit their respective

1  proposed orders to this court for review.

2      SO ORDERED.

3  Dated:  May 27, 2011

                                            HOWARD R. LLOYD
                                            UNITED STATES MAGISTRATE JUDGE

5:11-mc-80078-JF Notice has been electronically mailed to:

Daniel H. Royalty     dan.royalty@klgates.com

David C. Radulescu     davidradulescu@quinnemanuel.com

Jon Michaelson     jon.michaelson@klgates.com, mae.rubida@klgates.com

Jonathan Hart Harrison     jonathan.harrison@klgates.com

Melissa J Baily     melissabaily@quinnemanuel.com, mercedeshereford@quinnemanuel.com

Michael Richard Haven     mike.haven@klgates.com, adrienne.wilson@klgates.com

Simon J. Frankel     sfrankel@cov.com, ncutright@cov.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.